IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

LEVESTER LYDE, Plaintiff,

v.

JO ANNE B. BARNHART COMMISSIONER OF SOCIAL SECURITY, Defendant.

CIVIL ACTION NO. 0:05-3219-MBS-BM

**REPORT AND RECOMMENDATION**

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein he was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), alleging disability as of July 15, 2002 due to diabetes, musculoskeletal pain, left eye blindness, and right eye vision problems. (R.pp. 32, 38, 124). Plaintiff's claims were denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on May 26, 2005. (R.pp. 140-164). The ALJ thereafter denied Plaintiff's claims in a decision issued July 27, 2005. (R.pp. 11-16). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final



decision of the Commissioner. (R.pp. 3-5).

The Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that the Plaintiff was properly found not to be disabled.

**Scope of review**

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)). The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).





**Discussion**

A review of the record shows that Plaintiff, who was fifty (50) years old when he alleges he became disabled, has a ninth grade education with past relevant work experience as a construction flag man, janitor, and farm helper. (R.pp. 32, 44, 47-54, 124, 144). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After a review of the evidence and testimony in the case, the ALJ determined that Plaintiff retains the residual functional capacity to perform the full range of sedentary work[1], that his past relevant work as a flag man did not require the performance of work related activities precluded by his residual functional capacity, and that he was therefore not disabled. (R.pp. 15-16).

Pursuant to Local Rule 83.VII.04, D.S.C., the Plaintiff may file a written brief within thirty (30) days of the filing of the Defendant's answer. However, even after numerous contacts by the Clerk's office and the granting of an extension of time by the Court, Plaintiff never filed a brief. Therefore, on May 22, 2006, the Court entered an order noting that Plaintiff had elected not to file a supporting brief, instructed the Commissioner to file her Rule 83.VII.05 brief supporting the Commissioner's decision within forty (40) days, and stating that the Court would then decide this case on the record. The Commissioner thereafter filed her brief on June 26, 2006.

---

[1]Sedentary work is defined as lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a) (2005).





As Plaintiff has failed to brief this matter, there is no way for the Court to know in what respects Plaintiff contends that the ALJ committed error in deciding his case. The record reflects that Plaintiff suffers from diabetes, a condition for which he has been largely non-compliant with treatment recommendations and prescribed medications. See generally, (R.pp. 96-98, 121-122); see Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994) [Claimant's failure to seek medical attention inconsistent with complaints of disabling pain]. There is no indication in the medical evidence, however, that Plaintiff's diabetes would not be well controlled if he took his medications and followed a diabetic diet. Id. See Gross v. Heckler, 785 F.2d 1163, 1165 (4th Cir. 1986) [The mere diagnosis of an impairment does not establish that the condition is disabling; there must be a showing of related functional loss]. Further, while Plaintiff has a history of left eye blindness due to an injury, the visual field and muscle function in Plaintiff's right eye are normal, and he has 20/25 visual acuity in his right eye with eye glasses. (R.pp. 93-94, 123).

With respect to Plaintiff's complaints of musculoskeletal pain, while Dr. Richard Rogers did opine on February 21, 2005 that Plaintiff possibly suffered from arthritis, physical examinations have otherwise been essentially normal, revealing no neurological deficits. (R.pp. 74-92, 96, 122-123). See generally, Craig v. Chater, 76 F.3d 585, 589-590 (4th Cir. 1996) [noting importance of treating physician's opinion]; Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) [ALJ may properly give significant weight to assessments of examining physicians]; Richardson v. Perales, 402 U.S. 389, 408 (1971) [assessment of examining, non-treating physician may constitute substantial evidence in support of a finding of non-disability]. Additionally, two state agency physicians reviewed the medical evidence (Dr. Robert Kukla in November 2002 and Dr. Eloise Brabham in June 2003), with both concluding that none of Plaintiff's impairments were severe.





(R.pp. 111-118). See Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986) [opinion of non-examining physicians can constitute substantial evidence to support the decision of the Commissioner].

After review of these medical records and consideration of the testimony at the hearing, the ALJ determined that Plaintiff's blindness in his left eye constituted a "severe" impairment within the meaning of the Social Security regulations, but that there was no evidence to show that Plaintiff could not perform a full range of sedentary work activity. (R.pp. 12-15). The ALJ further noted that Plaintiff testified that his job as a flag man did not require him to lift more than ten (10) pounds, within the range of sedentary work. (R.pp. 15, 148, 159-160). In making this decision, the ALJ found that Plaintiff's subjective allegations regarding the extent of his pain and limitations were not fully credible, as they were not supported by the overall evidence of record. The ALJ also specifically noted where Plaintiff's testimony was at odds with the medical evidence. (R.p. 14). After review of the decision and the medical evidence and testimony in the file, the undersigned concludes that the ALJ's findings in this regard are supported by substantial evidence as contained in the case record. See Hays, 907 F.2d at 1456 [It is the responsibility of the ALJ to weigh the evidence and resolve conflicts in that evidence]; Mickles, 29 F.3d at 925-926 [In assessing the credibility of the severity of reported subjective complaints, consideration must be given to the entire record, including the objective and subjective evidence]; Robinson v. Sullivan, 956 F.2d 836, 840 (8th Cir. 1992) [conservative treatment is not consistent with allegations of disability]; Gross, 785 F.2d at 1166 [If a symptom can be reasonably controlled by medication or treatment, it is not disabling]; Preston v. Heckler, 769 F.2d 988, 990, n. 1 (4th Cir. 1985) [non-compliance with medical regimen can provide a basis for denying benefits]; Cruse v. Bowen, 867 F.2d 1183, 1186 (8th Cir.





1989) ["the mere fact that working may cause pain or discomfort does not mandate a finding of disability"].

The Commissioner acknowledges in its brief that the job of a "flagger" is generally defined as light work[2] by the Dictionary of Occupational Titles (see DOT No. 372.667-022). The Commissioner notes, however, that SSR 82-61 provides that a claimant will be found to be not disabled when it is determined that he or she retains the ability to perform the functional demands and job duties of a particular past relevant job as actually performed by that claimant, that in this case the Plaintiff testified that his job as a flagman did not involve lifting more than ten (10) pounds, and that even though Plaintiff testified he did have to stand and walk up to ten hours per day in this job, that there was no medical evidence restricting him from the standing and walking requirements of that job. See generally, (R.pp. 74-92, 96, 111-118, 122-123 [noting that Plaintiff had no significant physical abnormalities, had full strength and range of motion with no neurological deficits, and that a lumbar spine x-ray taken in December 2002 was normal]. Further, no physician imposed any standing or walking limitations on the Plaintiff. See Lee v. Sullivan, 945 F.2d 687, 693 (4th Cir. 1991) [noting importance of no physician having placed limitations on a claimant's ability to perform work activity]. The undersigned has considered these arguments, as well as the fact that Plaintiff has offered no argument whatsoever in opposition or response, or to support a finding by this Court that the Commissioner's decision was in error and not supported by substantial evidence. See Blalock, 483 F.2d at 775 [Plaintiff has the burden of proving disability and bears the burden of non-

---

[2]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (2005).





persuasion]; Bowen v. Yuckert, 482 U.S. 137, 146, n. 5 (1987). Therefore, the undersigned concludes that substantial evidence supports the decision.

**Conclusion**

Substantial evidence is defined as " ... evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). As previously noted, if the record contains substantial evidence to support the decision (i.e., if there is sufficient evidence to justify a refusal to direct a verdict were the case before a jury), this Court is required to uphold the decision, even should the Court disagree with the decision. Blalock, 483 F.2d at 775.

Under this standard, the record contains substantial evidence to support the conclusion of the Commissioner that the Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. Therefore, it is recommended that the decision of the Commissioner be **affirmed**.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

November 28, 2006



